Brent Parris
AIS # 203■767
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749

July 2, 2003

Alabama Department of Pardons
 & Parole
Etowah County Courthouse
800 Forrest Avenue
Gadsden, Alabama 35901

RE: Pre-Sentence Investigation Report, CC-97-1099

To Whom It May Concern:

This letter is in reference to the Pre-Sentence Investigation (PSI) report which was compiled in case number CC-97-1099, Etowah County, dated October 6, 2000. Please be advised that this report contains false, erroneous, and misleading information to a large extent.

The Alabama Department of Corrections (DOC) has classified me as an heinous offender based entirely upon false information contained within the PSI prepared 10/6/2000 by this office. In a letter dated January 24, 2003, the DOC Classification Board informed me that details of the offense described within the PSI place it in the heinous offense category based upon the assertion that the "victim was laying on the ground" at the time he was shot. This is patently untrue.

This precise issue was argued during the sentencing hearing held on October 31, 2000, during which the judge in the case, The Honorable William H. Rhea, III, admitted that the PSI contained false information concerning details of the offense and other portions of

*Plaintiff's Exhibit "G"*

the PSI. During the sentencing hearing, defense counsel brought to the court's attention that the substance of the PSI did not reflect what actually happened nor what was evidenced during the trial. The court agreed and stated that the matter would be corrected, but it, apparently, has not been remedied.

The erroneous information contained within the PSI is being used by the DOC to prejudice me by elevating my security and custody levels, denying me participation in various programs, and adversely dictating the terms and conditions of my prison sentence. The "Details of Offense" portion of the PSI is inaccurate and misleading, and should be corrected to properly reflect the events on the night of April 12, 1997.

For example, the "heinous offender" classification is based upon the allegation that the victim was already laying on the ground helplessly when he was shot and that he was mentally incompetent. He was neither. At the trial, all of the eyewitnesses in this case, including the victim himself, testified that he was still on his feet trying to move away from me at the time he was shot. He was not "laying face down in a mud puddle" as alleged in the PSI and Classification files.

The Classification Board files are based entirely on the PSI; which was based on a falsified police report; which, in turn, was based on an anonymous statement taken at the scene on the night of the incident. This "witness" did not testify at trial and all of the actual eyewitnesses testified otherwise. In essence, the allegation is triple hearsay and conflicts with what actually happened. I request that this office review the file for error and correct the PSI report in this case.

Enclosed is a copy of the transcript of the sentencing hearing proceedings in this case held on October 31, 2000, and a copy of the PSI itself with highlighted portions which are false and/or

*Plaintiff's Exhibit "G"*

misrepresentative of the facts. I am also submitting to you a corrected Statement of Facts to clarify the issues which need to be corrected found throughout the original PSI report. I have highlighted the erroneous portions of the report. Each error is addressed by its corresponding number on the corrections requested sheet.

Please contact me if you have any questions or comments in this matter. Thank you for your time and assistance.

Sincerely,

*Brent Parris, 203767*

Brent Parris, #2031767

Plaintiff's Exhibit "G"