Brent Parris # 203767
Limestone CF - 9 Dorm
28779 Nick Davis Road
Harvest, AL 35749

January 12, 2005

Board of Pardons and Paroles
Attn: Hugh Davis, Attorney
P.O. Box 302405
Montgomery, AL 36130-2405

Re: erroneous information in files

Dear Attorney Davis,

    this letter is in regards to some false and erroneous information in my Parole Board files that I am trying to get corrected. Please be advised that the PSI Report generated in this case contain admittedly false information which was adopted by the Parole Board and Dept. of Corrections as factual. This false and erroneous information is now being used against me to elevate my custody levels and adversely affect my parole consideration. I was hoping that you could assist me in getting the false information expunged from my files, so that the files will accurately reflect the true details of the offense in my case.

    This issue was brought to the Parole Board's attention in a letter dated July 2, 2003, requesting the Board to remedy the files, but no action has been taken on the request, even though 1½ years has passed. The probation officer that generated the original PSI report in this case inadvertantly included the false information complained about; that same officer (Katherine Quattlebuam of the Etowah County Parole Office) has admitted that the information is false and should not have been included in the report. Even the trial judge in this case admitted that the PSI report contained information not presented at trial and did not accurately reflect the evidence at trial. A copy of the sentencing hearing transcript was attached to the letter sent on July 2, 2003. The corrections requested are attached to this letter, and I once again request that this information be corrected.

*Plaintiff's Exhibit "J"*

Apparently, the information in the parole files is based on the PSI report, which was based on the police report, which was based on a statement taken from unknown witesses on the night of the incident. These alleged witnesses never testified in this case, and the factual evidence entered at trial was not consistent with the police report information. Additionally, there were 3 different police reports generated in this case, and information taken from only one report would not acurately reflect the total details of the incident. For example, there was one report about the victim stabbing me, one repot about my shooting the victim, and another report about why I left the scene. All three police reports were attached to the previous letter in this regard.

Please review your files in this case and make the appropriate corrections and deletions, pursuant to Monroe v. Thigpen, 932 F.2d 1437, holding that any false and erroneous information that is admittedly incorrect should be expunged from the inmate's parole files. Another copy of the corrections requested to be made is attached to this letter. Thank you for your time and assistance in this matter. I am trying to get the files corrected before the board reviews my case, so that they will know the true details of the offense.

Please let me know if you have any questions or comments. Sincerely,

Brent Parris

p.s. you can also read more about this case and view crime scene photos and contact me through my website, www.convictedwrongfully.com. Also enclosed is a copy of a letter written by Katie Conner, a witness who testified in this case. You may wish to contact her, the probation officer that wrote the report, and the trial judge in this case for additional clarification. Thank you.

PLAINTIFF'S Exhibit "J"