June 2005

Central Records Office
1400 Lloyd Street
P.O. Box 301501
Montgomery, AL 36130

Re: False Information in Files/PSI Report

Dear Director of Records:

This letter is in reference to the Pre-Sentence Investigation (PSI) report which was compiled in case number CC-97-1099, Etowah County, Alabama, dated October 6, 2000, in regards to Brent Parris, AIS #203767. Please be advised that this report contains false, misleading, and erroneous information to a large extent.

The Alabama Department of Corrections (DOC) has misclassified Parris as a heinous offender based entirely upon false information contained within this PSI report, and Parris requests that the files be corrected to accurately reflect the true details of the offense in this case. Parris' case is actually a case of self-defense, wherein Parris shot a man who had attacked him with a knife, but the current files make no mention of Parris shooting the victim in self-defense. Instead, in a letter dated January 24, 2003, the DOC classification board informed Parris that he was being classified as a 'heinous offender' because the PSI report alleges that the victim "was laying on the ground" at the time he was shot and that the victim was "mentally incompetent" The victim in this case was neither, and these statements are patently untrue.

This precise issue was raised during the sentencing hearing in this case held on October 11, 2000, during which the the judge even admitted that the PSI report contained false information and did not reflect the evidence presented at the trial. During the sentencing hearing, defense counsel brought several incidences of false and misleading information within the PSI report to the judge's attention. (See Sentencing Hearing Transcript p. 440-464.) The trial judge agreed that the information was erroneous and stated that the matter would be corrected, but apparently it has not been remedied.

Now, the same erroneous information is being used by DOC to prejudice Parris by elevating his security levels, denying him program participation, and adversely affecting the terms of his parole con-

Plaintiff's Exhibit "M"

contact me if you have any questions or comments. Sincerely

sideration. For example, Parris has been classified as a 'heinous offender' based on the allegation that the victim was laying on the ground when he was shot and that the victim was mentally incompetent. He was neither. At the jury trial in this case, all the eyewitnesses, including the victim himself, testified that the victim was walking on his feet at the moment he was shot; he was <u>not</u> "laying face down in a mudpuddle" as alleged in the PSI report and classification files. Accordingly, this issue should be corrected.

    The classification files and parole board files are based entirely upon the PSI report; which in turn, was based on a fictitious comment taken on the night of the incident. No evidence was ever entered at trial to support this claim, and all evidence indicated otherwise. All the actual eyewitnesses testified that the victim was on his feet at the time he was shot. In essence, the statement in the PSI is triple hearsay and conflicts with the evidence presented at trial, so it must be corrected to reflect what actually happened in this case.

    In addition to statements in regards to the victim being on the ground and being mentally incompetant, there are also numerous other instances of false and erroneous information contained within the PSI report which should be corrected. The probation officer who wrote the original PSI report dated October 6, 2000, now concedes that the report should be re-written in order to correct the improper portions. Your office may wish to co-ordinate with the probation officer who generated the original PSI report (Kathryne T. Quattlebaum, Etowah County) and the trial judge in this case (William H. Rhea III, Etowah County) to verify and clarify the facts of this case as evidenced at trial and testified to by the actual eyewitnesses.

    Please review your files for error and make the appropriate corrections in this case. Enclosed with this letter, you will find a copy of the original PSI report with the false/erroneous portions highlighted, along with the corrections requested. Also enclosed is a copy of the sentencing hearing transcript held on October 11, 2000, and the police reports taken in this case.

    Thank you for your time and assistance in this matter. Please contact me if you have any questions or comments. Sincerely,

*Brent Parris*
Brent Parris

Plaintiff's Exhibit "M"