IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRENT ANDRE PARRIS, #203767,   )
                               )
            Plaintiff,         )
                               )
vs.                            )      2:06-CV-303-MEF
                               )
KATHRYNE QUATTLEBAUM, et al.,  )
                               )
            Defendants.        )

### SPECIAL REPORT AND ANSWER

COMES NOW the Defendant, Paul Whaley II, by and through the undersigned counsel in the above-styled action, and file his Special Report and Answer pursuant to the April 24, 2006 Order of this Honorable Court. The Defendant states as follows:

### PLAINTIFF'S ALLEGATIONS

The Plaintiff alleges that Defendant Whaley has used "false information" to "place the Plaintiff in restricted custody status."

### DEFENDANT

1.   Paul Whaley, II, Director of Classification
     Alabama Department of Corrections
     301 South Ripley Street
     Montgomery, AL 36130

### DEFENSES

The Defendant asserts the following defenses to Plaintiff's claims:

1. The Defendant denies each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2. The Defendant pleads not guilty to the charges in the Plaintiff's Complaint.

1

3. The Plaintiff's complaint fails to state a claim upon which relief can be granted.

4. The Plaintiff is not entitled to any of the relief requested.

5. The Defendant pleads the defense of qualified immunity and aver that any purported action taken by any of them was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

6. The Defendant is entitled to qualified immunity and aver it is clear from the face of the complaint that the Plaintiff has not alleged specific facts indicating that any Defendant violated any clearly established constitutional right.

7. The Defendant cannot be held liable on the basis of *respondeat superior,* agency, or vicarious liability theories.

8. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

9. The allegations contained in the Plaintiff's Complaint against the Defendant, fails to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against a person sued in his individual capacity. *See Oladeinde v. City of Birmingham,* 963 F. 2d 1481, 1485 (11th Cir. 1992); *Arnold v. Board of Educ. of Escambia County, Ala.,* 880 F. 2d 305, 309 (11th Cir. 1989).

10. The Defendant pleads all applicable immunities, including but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

11. The Defendant was at all times acting under the color of state law and therefore, he is entitled to substantive immunity.

12. The Defendant pleads the general defense.

13. This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against Defendant Whaley would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights.

14. All claims of the Plaintiff against these Defendant in his official capacity are barred by the Eleventh Amendment to the United States Constitution.

15. The Defendant pleads the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to the Plaintiff.

16. The Defendant pleads the affirmative defenses of contributory negligence and assumption of the risk.

17. The Defendant pleads the affirmative defense of unclean hands.

18. The Defendant pleads the affirmative defense that the Plaintiff has failed to mitigate his own damages.

19. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. §1997e (a) and as such these claims should be dismissed.

20. The Defendant pleads the affirmative defense that he is not guilty of any conduct which would justify the imposition of punitive damages against him and that any such award would violate the United States Constitution.

21. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails

to state a claim upon which relief may be granted, or seeks money damages from the Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

22. The Plaintiff's claims are moot.

23. The Defendant reserves the right to raise additional defenses.

## DISCLOSURES

In accordance with the April 24, 2006, Special Report Order, Defendant Whaley submits the following initial disclosures:

1. Attached affidavit of:

   a.   Paul Whaley II, Director of Classifications

2. The following persons may have personal knowledge of the facts relevant to the claims asserted by the Plaintiff or the defenses asserted by the Defendants:

   Paul Whaley II, Director of Classification

   Jim Hayes, Classification Specialist

   Kathryne T. Quattlebaum, Pardons and Paroles

   Hon. William H. Rhea, Circuit Court of Etowah County

   Gary Phillips, District Attorney, Etowah County

   Plaintiff Brent Andre Parris

3.   Clear and legible copies of the documents relevant to claims or defenses asserted in the action are as follows:

   b.   Inmate Summary Sheet

   c.   Alabama Department of Corrections, Classification Manual, p. 1-2

    d.       Pre-Sentence Investigation Report

## STATEMENT OF THE FACTS

The Plaintiff is an inmate within the Alabama Department of Corrections ("ADOC"). He is currently confined at the Limestone Correctional Facility in Harvest, Alabama. The Plaintiff is serving a 35-year sentence for Attempted Murder and a 10-year sentence for Assault II. (Defendant's Exhibit b– Inmate Summary Sheet)

On March 16, 1999, the Plaintiff was admitted into the ADOC system. As part of the admission process, the Plaintiff is classified as to custody level and any possible restrictions due to his offenses. (Defendant's Exhibit c – Classification Manual) Through this process, the Plaintiff was classified as a restricted offender, this receiving an "R" suffix to his AIS number.

On December 5, 2003, the Plaintiff requested information from the institutional classification specialist. (Plaintiff's Exhibit H) The Classification Specialist ("CS") responded that there was no new Pre-Sentence Investigation report (PSI). The CS also informed the Plaintiff that parole is based on a review of the Parole Board's files, not those of ADOC. (Id.) On or about May 26, 2005, the Plaintiff again requested the removal of the "heinous" offender designation. (Plaintiff's Exhibit I) Again, the CS stated that ADOC relies upon the information supplied within the PSI. (Id.) In June 2005, the Plaintiff sent a letter to the ADOC Director of Records asserting his allegation of "false/erroneous" information in his file and that he has been misclassified. (Plaintiff's Exhibit M) On or about December 9, 2005, Defendant Whaley informed the Plaintiff of the use of the PSI report that is submitted by Pardons and Paroles. (Plaintiff's Exhibit N) Defendant Whaley pointed out that regardless of the alleged erroneous

information, the victim of the Plaintiff's crime was "permanently injured" and that this was not the first "aggressive conduct" felony for the Plaintiff. (Id.)

### ARGUMENT

The courts have continuously recognized that the operation of correctional institutions are, at best, a difficult assignment and that correctional officials must be given broad range in discretion and latitude in which to carry out their duties. *See Hewitt v. Helms*, 459 U.S. 460 (1983). "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979), *Sims v. Mashburn*, 25 F. 3d 980 (11th Cir. 1994).

The Alabama Department of Corrections Classification Manual establishes the guidelines for classifying an inmate. The definition of "classification" is "[t]he process of sorting inmates into groups by security level, custody, and program needs using *interviews*, tests, scoring instruments, and behavior records as well as *official court documents* and reports from police and other judicial agencies." (Defendant's Exhibit c - Classification Manual, p. 2) (Emphasis added). Therefore, the information that is given by the inmate, in this case the Petitioner is utilized to assist in classifying him.

The prisoner "does not have a liberty interest in a particular custody or security classification." *Block v. Alabama Department of Corrections*, 923 So.2d 342 (Ala. Crim. App. 2005); *Handley v. State*, 549 So.2d 630, 631 (Ala. Crim. App. 1989); other citations omitted. Therefore, the Petitioner does not have a liberty interest in his classification.

It was also held "'[T]he classification scheme adopted by the Alabama prison system to

determine the custody status of prisoners "is not arbitrary and capricious, but reasonable and appropriate."'" *Block* at 343, citing *Hill v. State*, 594 So.2d 246, 248 (Ala. Crim. App. 1992). (Other citations omitted.). The Eleventh Circuit has also held that "the classification scheme adopted by the Alabama prisons system to determine the custody status of prisoners 'is not arbitrary and capricious, but reasonable and appropriate.'" *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991), citing *Hendking v. Smith*, 781 F.2d 850, 852 (11th Cir. 1986). The classification "contains no inherent constitutional invalidity, but becomes constitutionally offensive only if 'the regulation is administered maliciously or in bad faith.'" *Monroe* at 1441, citing *Hendking* at 852, see also *Francis v. Fox*, 838 F.2d 1147, 1149-50 (11th Cir. 1988). Every action by the state that has an adverse consequence for inmates does not automatically activate a due process right. *Moody v. Daggett*, 429 U.S. 78, 88 (1976) "In *Meachum v. Fano*, 427 U.S. 215 (1976), for example, no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system." *Moody* at 88. Therefore, the Petitioner has been treated in a reasonable and appropriate manner.

The Alabama Department of Corrections Classification Manual establishes the guidelines for placing inmates in the various facilities and programs. As the Plaintiff has established on page 16 of his complaint, the CRB may, on a case-by-case basis, review offenses that do not involve death, but are reprehensible in nature. Due to the "Details of Offense" in the Pre-sentence Investigation, the Petitioner was classified as "restricted." (Defendant's Exhibit a – Affidavit of Paul Whaley II)

It should be noted that the Alabama Board of Pardon and Paroles submitted to the Alabama

Department of Corrections an amended PSI report on June 28, 2006. The amended PSI was reviewed and it was determined that the "R" suffix would remain due to the fact that the victim was shot in the back and is paralyzed. Defendant Whaley should not be ordered to remove the restricted custody status of the Plaintiff when in fact Defendant Whaley is relaying on information that has not changed.

The Plaintiff is bringing his claims under the provisions of 42 U.S.C. §1983. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding.

42 U.S.C. §1983

This section "provides a remedy when a person acting under color of state law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws or treaties of the United States." *Sasser v. Alabama Department of Corrections*, 373 F.Supp.2d 1276, 1290 (M.D. Ala. 2005) "In order to establish a claim under Section 1983, a plaintiff must show a violation of a right secured by the Constitution of the United States, and also that the deprivation of that right was committed by a person acting under color of state law." *Id.*; see *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Cummings v. DeKalb County*, 24 F.3d 1349, 1355 (11th Cir. 1994).

In *Gardner v. Howard*, 109 F.3d 427, 429-430 (8th Cir. 1997), the Eighth Circuit held "[q]ualified immunity shields government officials from §1983 damage liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." (Citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). As the *Sasser* Court stated the

threshold question is that of Eleventh Amendment immunity. *Sasser* at 1291. The Eleventh Amendment immunity "prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781 (1978) Neither a state nor an agency of the state may be made a defendant in any action in federal court under 42 U.S.C. § 1983. *Alabama v. Pugh*, 438 U.S. 781 (1978). There are two (2) exceptions: (1) if the State waives its immunity or (2) if Congress has abrogated the immunity of the State. *Carr v. City of Florence, Ala.*, 916 F. 2d 1521, 1524 (11th Cir. 1990). Article I, §14 of the Alabama Constitution provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." The Defendants have adhered to the statutory laws and to the departmental policies and procedures that govern the classification of the Plaintiff. The Defendants are barred from being sued due to Eleventh Amendment Immunity.

Wherefore these premises considered, the Defendants pray that this Honorable Court will find that the Plaintiff is not entitled to any relief and this complaint should be dismissed.

Respectfully submitted,

/s/ Kim T. Thomas
KIM T. THOMAS (THO115)
DEPUTY ATTORNEY GENERAL
GENERAL COUNSEL


/s/ Tara S. Knee
TARA S. KNEE (KNE003)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**
**ALABAMA DEPARTMENT OF CORRECTIONS**
**LEGAL DIVISION**
**301 S. RIPLEY STREET**
**P.O. BOX 301501**
**MONTGOMERY, AL 36130**
**(334) 353-3881**

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served upon:

Brent Andre Parris
AIS #203767
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL 35749

Steve Sirmon, Esq.
Alabama Board of Pardons and Paroles
301 South Ripley Street
Montgomery, AL 36130

by placing a copy of same in the United States Mail, first class postage prepaid and properly addressed this the 29th day of June, 2006.

/s/ Tara S. Knee
TARA S. KNEE (KNE003)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL