STATE OF ALABAMA:  CIVIL ACTION NO. 2:06 CV 303 MEF

MONTGOMERY COUNTY:  PARRIS, BRENT ANDRE #203767R

## AFFIDAVIT

My name is Paul Whaley II and I am presently employed as the Director of Classification, Alabama Dept. of Corrections, P O Box 301501, Montgomery, Alabama 36130. I am over the age of twenty-one years. I have 27 years' experience with the Alabama Dept. of Corrections, all in the area of inmate classification. I worked at Kilby as the institutional classification specialist for five years managing a caseload as well as performing intake and reclassification duties. Following that, I served 9 ½ years as a member of the Central Review Board where the vast majority of classification determinations statewide relative to placements, programs, custodies, institutional assignments and security levels were made. I have served as the Director of Classification for 13 years. I have attended specialized training with the National Institute of Corrections. I hold Masters' degrees in both Criminal Justice and Counseling. I hold a specialized instructor's certificate (#647) issued by the Peace Officers' Standards and Training Commission. I have given presentations around this state to Circuit Judges, District Attorneys, and attorneys for CLE credit. I am qualified to testify to the following with respect to the issues raised in this pleading.

Inmate Brent Andre Parris #203767R is a violent and repeat offender currently serving a 45 year sentence for attempted murder.

In his complaint, inmates Parris take umbrage with the fact that he has been classified as a restricted offender due to the details of his offense. He demands false information is removed from his file. He believes himself eligible for all less restrictive placements, programs, or custodies that ADOC has to offer without regard to his crime, criteria or the risk he poses to the public.

That the victim was shot by Parris is not in dispute. The issue of self-defense was resolved by the conviction for attempted murder. The information available to the ADOC is an official document provided by the Pardon and Parole Board. I have no authority to disregard that document or remove it from this criminal's file merely because he so


DEFENDANT'S EXHIBIT

Page 2 Parris, Brent Andre #203767R

demands. If there is any fact of error in that document, it is the responsibility of the Pardon and Parole Board to make the appropriate corrections. Inmate Parris does not deny one salient fact, however, and that is that the victim receives a significant and apparently permanent injury to the spine. Permanent victim injury is also a basis upon which to restrict an offender from less restrictive placements, programs, and custodies.

Inmate Parris appears ignorant of the fact that all less restrictive placements, programs, and custodies offered by the ADOC are privileges to which no criminal offender enjoys any right or entitlement of consideration, let alone participation. This was not Parris' first act of violent. The current sentence imposed was intended not only as punishment for his crimes, but to insure Parris' removal from free society for a significant period of time. There was pre-supposition at the time of sentencing that work release or anything similar would be an entitlement during the term of incarceration.

The ADOC no longer uses the term "heinous". Inmates with offenses wherein the details are considered significant or aggravated are restricted from consideration from work release or any custody or assignment that might afford that offender unsupervised contact with the public. That latitude falls within the purview of the ADOC and its responsibility to insure the protection of the public. The PSI indicates the victim was down when he was shot. It also indicates that this crime resulted in permanent victim injury. Either of those alone would be sufficient to restrict Parris from that which he demands.

It would be up to the Parole Board to make any modification to the PSI report. Were it to be modified, the ADOC would, of course, review that document in the context of Parris' classification. If the victim did receive permanent injury as a result of being shot by Parris, it will not matter whether he was standing, sitting, or on the ground when hit. The efforts of Parris to rationalize and minimize his crime are pathetic. The sentencing court has already determined intent and lack of mitigation and the record appears clear that the victim was permanently damaged.

No right of this criminal has been violated by any failure to accede to his demands.

Page 3 Parris, Brent Andre #203767R

_____
Paul Whaley II

STATE OF ALABAMA:

COUNTY OF MONTGOMERY:

SWORN TO AND SUBSCRIBED before me this the 8th day of May, 2006.

_____
Notary Public