IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**BRENT ANDRE PARRIS, #203767** )
)
    **Plaintiff,** )
)
)
v. ) Case #2:06-CV-303-MEF
)
)
**KATHRYEN T. QUATTLEBAUM,** )
       **et al.,** )
)
    **Defendants.** )

**SPECIAL REPORT**

Comes now the Defendant, Kathryne T. Quattlebaum, by counsel, denying Plaintiff's 42 U.S.C. §1983 allegations and submits the following Special Report in support thereof:

**Our Understanding of the Complaint**

Plaintiff was convicted of Attempted Murder in 2000 in Etowah County, Alabama. At the presentence hearing Plaintiff challenged the "details of offense" portion of the original presentence report dated 10-5-2000 prepared by Probation and Parole Officer Kathryne

1

Quattlebaum.[1] The challenge was not an attempt to effect the sentence the judge would hand down, but the effect the presentence report would have with the classification section of the Department of Corrections and the Parole Board concerning parole consideration.

The state court and Plaintiff's criminal defense laywer reached an agreement at the sentence hearing that the judge would order that an excerpt from the sentence hearing transcript be submitted with the presentence report clarifying the details as presented in court testimony verse what Officer Quattlebaum reported that was derived from law enforcement records. Officer Quattlebaum submitted her presentence report through normal channels and was unaware whether the excerpts from the sentence hearing transcript was ever submitted.

Plaintiff was classified by the Department of Corrections and given a "R" ranking, which Officer

---

[1] Presentence Report dated 10-5-2000, Detail of Offense, page 2: Portions of the details of particular concern is the reference that Randy Davison "is mentally incompetent" and the statement that "She (a witness) witnessed Parris get out to his vehicle with a gun, walk up to Mr. Davidson and shoot Mr. Davidson in the back."

Quattlebaum assumes restricts him from certain prison programs.[2]

Plaintiff seeks to have the language in the presentence report reflect the testimony presented at trial and to have the "R" classification removed. He further seeks reimbursed for the $250.00 filing fee charged to bring this action.

### Exhibit

Exhibit A    Affidavit of Kathryn Quattlebaum Dated 6-30-2006

### Defendant's Response and Arguments

The "details of the offense" contained in the original presentence investigation dated 10-5-2000 were derived from reports, records, and statements generated by the arresting police agency (Gadsden Police Department), prosecuting district attorney's office (Etowah County), and court records (Etowah County). Office Quattlebaum stands by that investigation, as correctly reflecting the reports from which they were derived.

---

[2] Officer Quattlebaum is not sure exactly what the effect of the "R" classification entails, but is under the impression disqualifies Plaintiff from certain programs.

3

At the sentence hearing the state court acknowledged the difference in the details as reported in law enforcement reports and the testimony offer at trial. The resolution was to submit excerpts from the sentence hearing transcript to the Department of Corrections and the Board of Pardons and Paroles to prevent any adverse effect on the Plaintiff in classification or parole consideration due to details conflicting with testimony offered at trial.

Officer Quattlebaum had no control over the preparation of the sentence hearing transcript or authority to direct the pertinent excerpts be sent to the Department of Corrections.

Pursuant to Ala. Code §15-22-28, Officer Quattlebaum prepared a replacement "Report Of Investigation" dated 6-6-2006. This report addresses the areas of concern stated in footnote one, infra. The details of the offense in the replacement Report Of Investigation reflects the details as discussed at the sentence hearing by the court and Plaintiff's defense attorney. The replacement Report Of Investigation has been sent to the Department of Corrections for consideration in

4

their classification process. This report is also on file with the Board of Pardons and Paroles and will be considered for parole consideration purposes.

The Plaintiff has received the relief he requested, concerning the presentence report, which makes his claims against Officer Quattlebaum "moot".

The U.S. Court of Appeals for the Eleventh Circuit has held that probation and parole officers are absolutely immune from suit for reports submitted to courts, *Hughes vs. Chesser,* 731 F.2d 1489 (11th Cir. 1984). Officer Quattlebaum can not be held liable for the damages sought by the Plaintiff (reimbursement of cost to file his complaint).

       Respectfully submitted,

       TROY KING
       ATTORNEY GENERAL

       GREGORY O. GRIFFIN, SR.
       CHIEF COUNSEL

       s/STEVEN M. SIRMON
       ASSISTANT ATTORNEY GENERAL
       State Bar#: ASB-5949-S61S
       Ala. Bd. Pardons and Paroles
       P.O. Box 302405
       Montgomery, Alabama 36130
       Telephone: (334) 242-8700
       Fax: (334) 353-4423
       Steve.Sirmon@alabpp.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on 6-30-2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**BRENT ANDRE PARRIS, AIS# 203767
LIMESTONE CORRECTIONAL FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749**

Done this **30**[th] day of **June 2006**.

Respectfully submitted,

s/ STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
steve.sirmon@alabpp.gov