IN THE DISTRICT COURT OF THE UNITED STATES RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 JUL 12 A 9: 38

|  |  |  |
|---|---|---|
| BRENT ANDRE PARRIS, #203767, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) ) ) | |
| VS. | ) ) ) ) ) | Civil Action: 2:06-CV-303-MEF |
| KATHRYNE T. QUATTLEBAUM, Alabama Probation & Parole Officer of Alabama Board of Pardons & Paroles; and PAUL WHALEY, Director of Classification, Alabama Department of Corrections, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

PLAINTIFF'S RESPONSE TO SPECIAL REPORT

AND ANSWER OF DEFENDANT PAUL WHALEY

Comes now Brent Andre Parris #203767, Plaintiff in the above-styled cause, and he respectfully submits the following response to the Special Report and Answer of Defendant Paul Whaley of June 29, 2006:

1

1.   Plaintiff would first show that he has not received a Special Report and Answer from Defendant Kathryne Quattlebaum and that this present response only concerns the pleading of Defendant Whaley.

2.   Plaintiff must point out that counsel for Defendant Whaley has surely submitted the most "form" or "boilerplate" list of defenses ( twenty-three (23) ) filed in any court that for the most part have nothing to do with the case at hand and are so far off base that they are silly. For instance, counsel has raised at least eight (8) immunity from damages defenses WHEN PLAINTIFF HAS ASKED FOR NO DAMAGES OTHER THAN THE DEFENDANTS PAYING THE $250.00 FILING FEE CHARGED TO PLAINTIFF.

Raised the *respondeat superior* defense when Plaintiff raised no such claim. Claimed that Plaintiff did not exhaust administrative remedies when there are none in the prison system or parole board ( although Plaintiff did write many letters with exhibits to both agencies - including Defendant Whaley - to have the PSI report corrected ). Actually raised the defenses of unclean hands, contributory negligence and assumption of risk, and failure to mitigate own damages.

2

Counsel also raised many other defenses that are equally ridiculous especially when you consider that counsel attached a copy of the new and corrected PSI Report of June 6, 2006, by Defendant Kathryne Quattlebaum as Defendant's Exhibit "d" wherein she removed the false information that was contained in the original PSI Report. The same information Plaintiff asked to be removed in the present § 1983 complaint.

3. This is a simple case. Plaintiff filed the present § 1983 complaint because Defendant Quattlebaum would not remove false information she had placed in the original PSI Report that the alleged victim was mentally incompetent and that Plaintiff shot the alleged victim while he was lying on the ground. Apparently Defendant Quattlebaum has removed this false information from the PSI Report because counsel for Defendant Whaley attached a copy of the revised PSI Report as an exhibit to his Special Report and Answer marked as Defendant's Exhibit "d".

Plaintiff also filed this § 1983 complaint against Defendant Paul Whaley who had placed Plaintiff in "R" status ( restricted custody status ) based upon the false information in the original PSI Report - <u>and when he knew this was false information due to the portions of the trial</u>

<u>transcript and sentencing hearing that Plaintiff sent to him</u> ( See Page 12 of complaint ).

Of course Plaintiff has a right to have false information removed from his prison and parole board files and has a right to not be classified based upon false information. See for instance: <u>U.S. v. Graham</u>, 83 F. 3d 1466 (D.C. Cir. 1996); <u>U.S. v. Butler</u>, 41 F. 3d 1435 (11th Cir. 1995); <u>U.S. v. Bartholomew</u>, 974 F. 2d 39 (5th Cir. 1992); and <u>Monroe v. Thigpen</u>, 932 F. 2d 1437 (11th Cir. 1991).


4. At page 8 of Defendant Whaley's Special Report and Answer, counsel states that the revised PSI Report was reviewed and that it was determined that the "R" status ( Restricted Status ) would remain due to the fact that the victim was shot in the back and paralyzed.

Counsel attaches an affidavit from Defendant Paul Whaley wherein he states that <u>if</u> the parole board modifies the PSI Report the victim still received a permanent injury which would allow him to keep Plaintiff in "R" status.

If a permanent injury to a victim would place an inmate in "R" status, why then did Defendant Whaley fail to place Plaintiff in "R" status for that reason to begin with? Defendant Whaley did not place Plaintiff in "R"

status due to permanent injury to the victim because this is not a valid reason to do so under the Restricted Status requirements of the ADOC Classification Manual. Plaintiff set forth the entire Restricted Status portion of the Classification Manual in his complaint at pages 13 through 16. There are 19 categories that will place an inmate in "R" status. The first 18 categories clearly do not apply to Plaintiff. Category 19 holds that an inmate can be placed in "R" status if the crime is of a "reprehensible nature." It is this category that Defendant Whaley <u>now</u> claims enables him to place Plaintiff in "R" status.

Plaintiff shot the alleged victim one (1) time in the flank – not the back – and this was the crime. Plaintiff's intent was not to paralyze the victim; and therefore, the crime was not "reprehensible." If Plaintiff had intended to paralyze the victim, then certainly, the crime would be reprehensible – but this is not the case.

5. Plaintiff submits that it is very peculiar that Defendant Whaley prepared his attached affidavit on May 8, 2006; Defendant Quattlebaum revised Plaintiff's PSI Report on June 6, 2006, and removed the false information in the original PSI Report; then counsel submits the Special Report and Answer on June 29, 2006, without Defendant

Whaley ever addressing the revised PSI Report or Plaintiff's classification as a result of that report in his affidavit. It seems, then, that Defendant Whaley is attempting to avoid any review of Plaintiff's classification by this Honorable Court by writing an affidavit one (1) month prior to the revised PSI Report, which removed the false information from that report.

6. Plaintiff respectfully submits that Defendant Whaley knowingly used false information contained within the original PSI Report to place Plaintiff in "R" status; and therefore, is liable to pay the $250.00 filing fee in this case.

WHEREFORE, Plaintiff requests an order to Defendant Paul Whaley requiring him to review Plaintiff's classification in light of the revised PSI Report of June 6, 2006, and to submit an additional affidavit addressing said classification.

Additionally, Plaintiff requests an order to Defendant Whaley directing him to pay to this Honorable Court the $250.00 filing fee that has been charged to Plaintiff in this case.

Date: July 3, 2006                    Respectfully submitted,

*Brent Parris #203767*

Brent Andre Parris #203767
Limestone Correctional Facility
Dorm 9-A-14
28779 Nick Davis Road
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing "Plaintiff's Response To Special Report and Answer of Defendant Paul Whaley" on counsel for Defendant Whaley: Honorable Tara S. Knee, Assistant General Counsel, Alabama Department of Corrections, Legal Division, 301 S. Ripley Street, P. O. Box 301501, Montgomery, Alabama 36130 and counsel for Defendant Quattlebaum: Honorable Steven M. Sirmon, Assistant Attorney General, Alabama Board of Pardons and Paroles, 301 S. Ripley Street, P. O. Box 302405, Montgomery, Alabama 36130 by placing copies of the same in the U.S. Mail, postage prepaid, this date.

Done this the 3rd day of July, 2006.

*Brent Parris #203767*

Brent Andre Parris #203767