IN THE DISTRICT COURT OF THE UNITED STATES RECEIVED

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

2006 JUL 19 A 9:38

|  |  |
|---|---|
| BRENT ANDRE PARRIS, <br> #203767, <br><br> Plaintiff, <br><br> VS. <br><br> KATHRYNE T. QUATTLEBAUM, <br> Alabama Probation & Parole <br> Officer of Alabama Board of <br> Pardons & Paroles; and <br> PAUL WHALEY, Director of <br> Classification, Alabama <br> Department of Corrections, <br><br> Defendants. | Civil <br> Action: 2:06-CV-303-MEF |

PLAINTIFF'S RESPONSE TO SPECIAL REPORT

AND ANSWER OF DEFENDANT KATHRYNE T. QUATTLEBAUM

Comes now Brent Andre Parris, #203767, Plaintiff in the above-styled cause, and he respectfully submits the following response to the Special Report and Answer of Defendant Kathryne T. Quattlebaum of June 30, 2006:

1

1. In his § 1983 complaint, Plaintiff alleged that Defendant Quattlebaum placed false information in Plaintiff's PSI Report. Specifically that the alleged victim was mentally incompetent and that Plaintiff shot him while he was lying on the ground.

   Defendant Quattlebaum, now, in response to the present § 1983 action, has removed this false information, and the PSI Report no longer indicates that Plaintiff shot a mentally incompetent man in the back while he was lying on the ground ( For some reason, Defendant Quattlebaum does not submit the revised PSI Report as an exhibit – but Defendant Whaley did submit a copy of this report to this Honorable Court marked as Defendant's Exhibit "d" ).

2. Defendant Quattlebaum asserts that she can not be held liable for the $250.00 filing fee for which Plaintiff seeks reimbursement.

   Defendant Quattlebaum could have done a more professional job of preparing the PSI Report by just interviewing Plaintiff before the report was written. Plaintiff would then have advised her that her "details of offense" were not correct. Defendant Quattlebaum could then have investigated Plaintiff's allegations and prepared a

correct report - but this is not why she is liable to reimburse to Plaintiff the $250.00 filing fee.

Defendant Quattlebaum is liable to reimburse to Plaintiff the $250.00 filing fee because even after she reviewed court documents and trial transcript portions, including the sentencing transcript ( See Plaintiff's Exhibit "F" ), which established that she had placed false information in the PSI Report, she still refused to correct the PSI Report ( See Plaintiff's Exhibit "K" ). Defendant Quattlebaum, then, forced Plaintiff to file the present § 1983 complaint and should be required to reimburse to Plaintiff the $250.00 filing fee.

Plaintiff would further point out that since Defendant Quattlebaum has removed the false information from the PSI Report, Plaintiff would be the prevailing party in this action and entitled to have the $250.00 filing fee reimbursed to him.

3. Defendant Quattlebaum fails in her Special Report, Answer, and Affidavit to respond to Plaintiff's Second claim ( Ground Two ) wherein he alleges that his Due Process Rights have been violated by Defendant Quattlebaum, who included arrest information in the PSI Report that should not have been included in the report.

First, Defendant Quattlebaum listed twenty-six (26) <u>traffic</u> violations in the PSI Report out of fifty (50) entries ( See Plaintiff's Exhibit "E" pgs. 4-7 ). Traffic violations are not criminal offenses and should not have been included in the "Record of Arrest(s)".

Secondly, Defendant Quattlebaum listed ten (10) criminal charges in the "Record of Arrest(s)" ( See Plaintiff's Exhibit "E" pgs. 4-7 ) that had been dismissed. ( Also see pg. 19 of § 1983 complaint ). It shows on 7-09-92 and 10-16-92 that Plaintiff was charged with Assault I in Etowah and Calhoun counties when in fact he was in jail at this period of time in another county. It also shows that the disposition is unknown for 3 controlled substance charges on 6-19-96 when in fact these charges were dismissed. Plaintiff was in fact innocent of these ten (10) charges, and they should not have been listed in the PSI Report.

Defendant Quattlebaum has not responded to these claims.


4. Plaintiff now also takes issue with the revised PSI Report prepared by Defendant Quattlebaum. This revised report has been submitted by Defendant Whaley ( See Defendant's Exhibit "d" ). This revised report has a new

4

structure not present in the original report under "Type." In relation to all the so-called criminal charges against Plaintiff, Defendant Quattlebaum has written "Prior Adult." Since there is a Habitual Offender law in Alabama, and prior felonies are a focus, someone could be confused by this "Type" column with a cursory review and believe that all these so-called charges are prior felony <u>convictions</u> - which would prejudice Plaintiff in parole and classification - in further violation of his Due Process rights.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court order Defendant Quattlebaum to:

(a) Reimburse to Plaintiff the $250.00 filing fee,

(b) Respond to Plaintiff's allegations that there are a total of thirty-six (36) so-called criminal charges listed in the PSI Report that should not be in the report, and

(c) Respond to Plaintiff's allegations concerning listing Plaintiff's so-called criminal charges as "Prior Adult."

Date: July 6, 2006         Respectfully submitted,

*Brent Parris #203767*

Brent Andre Parris #203767
Limestone Correctional Facility
Dorm 9-A-14
28779 Nick Davis Road
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing "Plaintiff's Response To Special Report and Answer of Defendant Kathryne T. Quattlebaum" on the: Honorable Tara S. Knee, Assistant General Counsel, Alabama Department of Corrections, Legal Division, 301 S. Ripley Street, P. O. Box 301501, Montgomery, Alabama 36130 and counsel for Defendant Quattlebaum: Honorable Steven M. Sirmon, Assistant Attorney General, Alabama Board of Pardons and Paroles, 301 S. Ripley Street, P. O. Box 302405, Montgomery, Alabama 36130 by placing copies of the same in the U.S. Mail, postage prepaid, this date.

Done this the 6th day of July, 2006.

*Brent Parris #203767*

Brent Andre Parris #203767