IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

|  |  |
|---|---|
| BRENT ANDRE PARRIS, #203767,<br><br>    Plaintiff,<br><br>VS.<br><br>KATHRYNE T. QUATTLEBAUM, Alabama Probation & Parole Officer of Alabama Board of Pardons & Paroles; and PAUL WHALEY, Director of Classification, Alabama Department of Corrections,<br><br>    Defendants. | Civil Action: 2:06-CV-303-MEF |

PLAINTIFF'S MOTION TO CORRECT ORDER

AND MOTION TO COMPEL

Comes now Brent Andre Parris #203767, Plaintiff in the above-styled cause, and he respectfully shows to this Honorable Court as follows:

1

On July 21, 2006, this Honorable Court issued an order to Defendant Quattlebaum ordering her to file a supplemental special report on or before July 27, 2006, addressing Plaintiff's claim that she knowingly relied on false information in preparing her original presentence report. Today is August 30, 2006, and Defendant Quattlebaum still has not complied with this Honorable Court's order.

Petitioner respectfully submits that possibly Defendant Quattlebaum has not responded to this Honorable Court's order because Plaintiff never alleged that she knowingly relied on false information in preparing her original presentence report. Plaintiff's actual claim against Defendant Quattlebaum is set out on pages 11-12 of the § 1983 complaint. Plaintiff wrote a letter to Cynthia Dillard, Assistant Executive Director of the Alabama Board of Pardons & Paroles, pointing out the false information that was placed in the PSI report by Defendant Quattlebaum. Along with this letter, Plaintiff sent Ms. Dillard portions of the trial transcript, the preliminary hearing transcript, and a video taped deposition by the alleged victim that established that the PSI report was incorrect. On June 15, 2005, Cynthia Dillard responded to Plaintiff's letter ( See Plaintiff's Exhibit "K" ). In this letter, Ms.

2

Dillard advised Plaintiff that she had sent all of Plaintiff's correspondence and testimony to Defendant Kathryne Quattlebaum and that Defendant Quattlebaum was apparently refusing to remove the false information from the PSI report.

Plaintiff's claim against Defendant Quattlebaum, then, is that she refused to remove the false information from the PSI report after she received the transcript testimony and video tape that established that the information was false. And as Plaintiff pointed out in his response of July 6, 2006, to Defendant Quattlebaum's initial special report, Defendant Quattlebaum did not remove the false information from the PSI report until Plaintiff filed the present § 1983 complaint; and therefore, she is liable to reimburse to Plaintiff the $250.00 filing fee.

WHEREFORE Plaintiff would request that this Honorable Court issue another order to Defendant Quattlebaum requiring her to respond to Plaintiff's allegations that she refused to remove the false information from the PSI report after she was given transcripts and a video tape which established that there was false information in the PSI report.

Date: August 30, 2006                Respectfully submitted,

*Brent Andre Parris*

Brent Andre Parris #203767
Limestone Correctional Facility
Dorm 9-A-14
28779 Nick Davis Road
Harvest, Alabama 35749


CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing "Plaintiff's Motion To Correct Order and Motion To Compel" on the: Honorable Tara S. Knee, Assistant General Counsel, Alabama Department of Corrections, Legal Division, 301 S. Ripley Street, P. O. Box 301501, Montgomery, Alabama 36130 and counsel for Defendant Quattlebaum: Honorable Steven M. Sirmon, Assistant Attorney General, Alabama Board of Pardons and Paroles, 301 S. Ripley Street, P. O. Box 302405, Montgomery, Alabama 36130 by placing copies of the same in the U.S. Mail, postage prepaid, this date.

Done this the 30th day of August, 2006.

*Brent Andre Parris*

Brent Andre Parris #203767