IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **BRENT ANDRE PARRIS, #203767** ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| ) | | |
| v. ) | Case #2:06-CV-303-MEF | |
| ) | | |
| ) | | |
| **KATHRYEN T. QUATTLEBAUM,** ) | | |
| **et al.,** ) | | |
| ) | | |
| Defendants. ) | | |

**SUPPLEMENTAL SPECIAL REPORT**

Comes, now, the Defendant, Kathryn Quattlebaum, in response to the Court's Orders dated July 7th, 2006 and July 21st, 2006 and submits the following:

**Plaintiff's Allegations**

Plaintiff alleges that Quattlebaum violated his constitutional right to "due process" and "equal protection" by placing false information in a presentence report dated 10-5-2000. The Complaint consists of two grounds:

*Ground One:* The "Detail of Offense" portion of the presentence report dated 10-5-2000 contains details

1

that are not factual – specifically that he walked up and shot an incompetent victim in the back. He claims that this information has caused the Department of Corrections to give him an "R" (restricted) classification.

*Ground Two:* The "Arrest Record" portion of the report contains traffic ticket that he claims are not arrest and arrest for offenses that were dismissed or nolle prossed.

Plaintiff seeks to have the alleged false information removed from his file, to have the Department of Corrections relieve him of the "R" classification, and to be reimbursed the $250.00 filing he incurred in filing this action.

## Exhibits

Exhibit-A   Quattlebaum's affidavit dated 9-8-06

## Defendant's Arguments and Defenses

Defendant, Kathryn Quattlebaum, adopts, hereby, her arguments, defenses, and affidavit as stated in the Special Report dated 6-30-06.

***Statute of Limitations***

"A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. *Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir.1999), citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).", quoted from Lesley v. David, 2005 WL 3536276 (N.D. Fla. 2005).*

The statute of limitations for a 42 U.S.C. §1983 claim involving personal injury in the State of Alabama is two years.  The two-year statute of limitations bars Plaintiff from bring a action challenging the contents of a 2000 presentence report, when he waited until 2006 to bring the action. There is no tolling provision in Alabama in relation to §1983.  See *Hill v. City of Montgomery, 74 F.Supp.2d 1169 (M.D.Ala. 1999).*  See also *Hughes v. Lott, 350 F.3d 1157 (11th Cir. 2003).*

All claims Plaintiff presents to this Court in relation to the presentence report dated 10-5-2000 is barred.

*Damages*

The U.S. Court of Appeals for the Eleventh Circuit has held that probation and parole officers are absolutely immune from suit for reports submitted to courts, *Hughes vs. Chesser,* 731 F.2d 1489 (11th Cir. 1984). Officer Quattlebaum can not be held liable for the damages sought by the Plaintiff (reimbursement of cost to file his complaint).

*Defendant Denies Claims* *(Exhibit A)*

Quattlebaum denies Plaintiff's allegations that she violated his constitutional right to equal protection of the law and his right to "due process". Quattlebaum has taken no action (sentencing, classifying, or granting or denying parole) that has affected any of Plaintiff's rights. Quattlebaum's only activity involving Plaintiff is to prepare reports for the Court and the Parole Board.

Quattlebaum's presentence report dated 10-5-2000 accurately reflects the information and records provided her by the Gadsden Police Department and the Etowah County District Attorney's Office at the time

the report was prepared. Quattlebaum denies placing "known false" information in that report. As stated in the Special Report dated 6-30-06, Quattlebaum prepared a "Report of Investigation" dated 6-6-2006 that reflects the sentencing transcript acknowledgements of the sentencing Court and Plaintiff's criminal defense attorney. The language that is the basis of Plaintiff's complaint concerning the "Detail of Offense" portion of the presentence report dated 10-5-2000 has been corrected, in light of the sentencing transcript. That transcript was not available to her when she prepared the original report. "Ground One" of Plaintiff's allegations against Quattlebaum are moot.

    Quattlebaum prepared the "Record of Arrest" in both the presentence report dated 10-5-2000 and the "Report of Investigation" dated 6-6-2006 from local arrest records, NCIC records, and ACIC records. Quattlebaum denies placing any "know false" information in either report. Plaintiff alleges that some of the cases that he was arrested for were dismissed. Quattlebaum can not attest to actual knowledge of each case, only that her reports accurately reflect the

records from which they came. Quattlebaum denies violating Plaintiff equal protection and due process rights in the preparation of the "Record of Arrest".

Quattlebaum respectfully points out the following items: (1) She submitted her presentence report to the State Court, pursuant to order, and based it on information that appeared to be reliable. (2) Parris has shown no reason to pierce her *Chesser vs. Huges* immunity. (3) Parris has shown no reason for this Court to doubt that Quattlebaum believed her report was accurate when submitted. (4) Parris raised questions in the State Circuit Court regarding information reported in the presentence report. However, that court never ordered a supplemental report. Quattlebaum had no duty to investigate further without notice of a question regarding the reliability of the report. It does not appear that Quattlebaum was even informed that the court had questioned the accuracy of the report. (5) Quattlebaum had no reason to review her report, re-investigate its contents, or submit a supplemental report, until the Board requested that she do so. She had no duty or authority to replace the report that she

6

prepared on order of the court, without being directed to do so by either that court or the Board.

In hindsight, *after this civil action was filed,* Quattlebaum now sees some reason to question the reliability of some of the information that she received while preparing her presentence report. She has, at the instance of the Board's senior staff, prepared a supplemental investigation and submitted it to the Board. She understands that a copy of the supplemental report has been forwarded to the DOC.

Quattlebaum has no authority to replace the old report with the new one. She has, however, submitted that new report, and officials at the Board and the DOC may take this information into account in making their decisions.

Quattlebaum has no authority to decide how the Department of Corrections should classify Parris. She has submitted information that she *believes* to be reliable. The Department of Corrections is responsible for deciding what weight they will afford these reports, and for deciding what effect that information will have on Parris's classification. If the Department

of Corrections decides to afford these reports little or no weight, Quattlebaum has nothing to say about that decision. If the Department of Corrections decides to believe or disbelieve any information contained in either report, Quattlebaum has nothing to say about that, either. These decisions are outside the scope of her authority and responsibility, and she has no reason to interfere and no legitimate interest in these decisions.

***Privilege***

Defendant is not at liberty to offer the "Report of Investigation" as an exhibit to evidence the correction.[1]

---

[1] Ala. Code §15-22-36(b): "Each member of the Board of Pardons and Paroles favoring a pardon, parole, remission of a find or forfeiture or restoration of civil and political rights shall enter in the file his reasons in detail, which entry and order shall be public records, but all other portions of the file shall be privileged." Defendant is not a liberty to offer the presentence report as an exhibit. To require it would allow all inmates access to the Board's privileged file material simply by filing an action in court making an unverified allegation. The courts would be flooded with law suits simply for that purpose. This matter was litigated in *Ex parte Alabama Board of Pardons and Paroles, Petition for Wirt of Mandamus (In re: Alabama Board of Pardons and Paorle v. Montgomery County Grand Jury and Montgomery County District Attorney, 814 So.2d 870 (2001)* with the Alabama Supreme Court ruling the statute created a absolute privilege that the Board was legally bound to obey.

## Conclusion

Premise considered, the Defendant, Kathryn Quattlebaum, is entitled to be dismissed form this action for failure to state a claim upon which relied may be granted. (Rule 12(b)(6), Fed.R.Civ.Proc.).

In the alternative, Quattlebaum is entitled to dismissal on the merits as a matter of law. (Rule 56, (Fed.R.Civ.Proc.).

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL

s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Steve.Sirmon@alabpp.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on 9-11-2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send

9

notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**BRENT ANDRE PARRIS, AIS# 203767**
**LIMESTONE CORRECTIONAL FACILITY**
**28779 NICK DAVIS ROAD**
**HARVEST, ALABAMA 35749**

Done this **11**[th] day of **SEPTEMBER 2006**.

Respectfully submitted,

s/ STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
steve.sirmon@alabpp.gov