IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BRENT ANDRE PARRIS, #203767** ) <br> ) <br>     **Plaintiff,**      ) <br> ) <br> ) <br> **v.**                                    ) <br> ) <br> ) <br> **KATHRYEN T. QUATTLEBAUM,**  ) <br>                     **et al.,**  ) <br> ) <br>     **Defendants.**      ) | **Case #2:06-CV-303-MEF** |

**SUPPLEMENTAL SPECIAL REPORT PURSUANT TO THE COURT'S ORDER DATED SEPTEMBER 11TH, 2006**

Comes, now, the Defendant, Kathryn Quattlebaum, in response to the Court's Orders dated September 11th, 2006 and submits the following addressing the issue presented therein:

**ISSUE**

Plaintiff claims that after being provided evidence that the original presentence report contained false information, Quattlebaum refused to immediately remove the false information form his file and did not remove the false information until Plaintiff filed the

1

present §1983 complaint. Plaintiff claims this action makes Quattlebaum liable to reimburse to him for the $25o.oo filing fee. *Court Doc. 19 at 3.*

### Defendant's Response

Kathryn Quattlebaum, Defendant, prepared the original presentence report date 10-5-2000 at the direction of the sentencing court. The sentencing court declined to direct her to modify her report when the matter was raised at sentencing. The sentencing court agreed to have excerpts from the sentencing hearing transcript sent to the Parole Board and to the Department of Corrections. Obviously this did not happen. However, the Plaintiff sent the materials (sentencing transcript and the victim's deposition) to Parole Board's staff. It was subsequently delivered to Cynthia Dillard, Assistant Executive Director to the Parole Board.

Ms. Dillard sent a letter to the Plaintiff dated June 15th, 2005 indicating that the sentencing hearing transcript and the victim's deposition, provided her by the plaintiff, had been sent to the Parole Board's file for parole purposes, to the Department of Corrections

2

for classification purposes *(Exhibit A)*.[1] Since June of 2005 the Parole Board and the Department of Corrections have been in position of the material that the sentencing Court had indicated it would attach to the presentence report. *(Plaintiff's Exhibit F - Sentencing Hearing Transcript dated Oct. 11th, 2000).*[2] When the Plaintiff made the Parole Board's staff, Cynthia Dillard, aware of the Plaintiff's concerns in 2005 and provided her the sentencing hearing materials, she forwarded the materials to the Parole Board files and the Department of Corrections. This occurred prior to the Plaintiff filing his lawsuit. At that point the Plaintiff was in the same position he would have been in had the sentence hearing agreement between his

---

[1] The Board's file materials are privileged and the agency is not at liberty to present those materials as exhibits. Records and files prepared by State Probation and Parole Officers for use by the Board of Pardons and Paroles are privileged by statute, §15-22-36(b), Ala. Code 1975. The Alabama Supreme Court held that *parole* files are absolutely privileged, *Ex parte Alabama Bd. of Pardons and Paroles, 814 So.2d 870 (Ala. 2001).* The Board cannot waive its statutory privilege in relation to its *parole* files. The Board's order granting parole and the reason why are a matter of public record, but all other portions of the file are *privileged*. To require the Board to present file materials as exhibits in law suits would result in numerous law suits being filed just to get access to the Board's files. Ms. Dillard offers an affidavit concerning her actions in this matter in lue of materials from the Board's files. See Exhibit A.

[2] The agreement between the Plaintiff's criminal defense lawyer and the sentencing court was to have excerpts from the sentencing hearing transcript sent to the Parole Board and the Department of Corrections along with the original presentence report. Obviously that did not happen in 2000.

criminal defense attorney and the sentencing court been honored.

Quattlebaum is without authority to charge reports presented to the Courts or the Parole Board without a directive to do so. She was not given such a directive until after Plaintiff filed his lawsuit *(Exhibit B)*. Again, note the Parole Board and the Department of Corrections already had the materials clarifying the issues Plaintiff raised in his lawsuit. The Report of Investigation dated 6-6-2006 does not contain any information that was not before the Parole Board and the Department of Corrections prior to the Plaintiff filing his §1983 action. Quattlebaum's Report of Investigation dated 6-6-2006 has not changed the position the Parole Board or the Department of Corrections has taken concerning parole or classification. (See DOC Defendant Paul Whaley's affidavits).

Plaintiff wants to have the "R" restricted classification remove so he will be eligible for more lenient treatment within the Department of Corrections. The information Plaintiff claims is false in the

original presentence report has not been proven by the Plaintiff to be false – in the sense of misleading one as to the basic facts, only that it did not come out in the trial testimony. Examples: (1) one witness testified that the victim was a "slow learner", admitted by the Plaintiff's defense counsel in the excerpt of the sentencing hearing transcript. The presentence report referred to the victim as "mentally incompetent". Though there is a distinction, the general concept of the state of the victim is the same; (2) though stated differently - the defendant got out of the car walked up and shot the victim in the back while laying on the ground causing permanent injury, or the defendant stood outside the car and shot the victim in the back causing permanent damage – the basic concept is the same, the defendant shot the victim in the back causing permanent injury. Parole officer preparing presentence reports, who do not have the luxury of attending the trial, can not be expected to write reports that must, so closely, state the trial testimony in order to avoid a "false information" claim. Otherwise the sentencing court, the Parole

Board, and the Department of Corrections would do well to just order the transcripts for sentencing, classification, and paroling.

## Conclusion

Quattlebaum prepared the original presentence report in 2000. The trial court and the defense attorney agreed to send excerpts of the sentencing hearing transcript to the Department of Corrections. Apparently that did not happen.  Cynthia Dillard sent the materials she received to the Board's files and to the Department of Corrections. Both agencies had the information Plaintiff wanted them to know and that was the basis of his claims, prior to the Plaintiff filing his law suit.

Quattlebaums "Report of Investigation" dated 6-6-2006 did nothing more than re-format information that was already before both agencies. It did not change the general concepts of the offense and has not resulted in the Plaintiff's classification being changed. Plaintiff would have the same classification if the sentencing court had sent the excerpts from the sentencing hearing

6

or even if the original presentence report had quoted the trial transcript exactly.

The actions of Quattlebaum in no way violated the Plaintiff's constitutional rights. Plaintiff has failed to show that Quattlebaum's actions has caused him to be treated any different than he would otherwise have been treated by the Parole Board or the Department of Corrections.

Premise considered, the Defendant, Kathryn Quattlebaum, is entitled to be dismissed form this action for failure to state a claim upon which relied may be granted. (Rule 12(b)(6), Fed.R.Civ.Proc.).

In the alternative, Quattlebaum is entitled to dismissal on the merits as a matter of law. (Rule 56, (Fed.R.Civ.Proc.).

        Respectfully submitted,

        TROY KING
        ATTORNEY GENERAL

        GREGORY O. GRIFFIN, SR.
        CHIEF COUNSEL

        s/STEVEN M. SIRMON
        ASSISTANT ATTORNEY GENERAL
        State Bar#: ASB-5949-S61S
        Ala. Bd. Pardons and Paroles
        P.O. Box 302405
        Montgomery, Alabama 36130

        Telephone: (334) 242-8700
        Fax: (334) 353-4423
        Steve.Sirmon@alabpp.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on 9-29-2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    **BRENT ANDRE PARRIS, AIS# 203767**
    **LIMESTONE CORRECTIONAL FACILITY**
    **28779 NICK DAVIS ROAD**
    **HARVEST, ALABAMA 35749**

Done this **29**[th] day of **SEPTEMBER 2006**.

    Respectfully submitted,

    s/ STEVEN M. SIRMON
    ASSISTANT ATTORNEY GENERAL
    State Bar#: ASB-5949-S61S
    Ala. Bd. Pardons and Paroles
    301 South Ripley Street
    P.O. Box 302405
    Montgomery, Alabama 36130
    Telephone: (334) 242-8700
    Fax: (334) 353-4423
    steve.sirmon@alabpp.gov