IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRENT ANDRE PARRIS, #203767, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06-CV-303-MEF |
| | ) | [WO] |
| | ) | |
| KATHRYNE T. QUATTLEBAUM, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Brent Andre Parris ["Parris"], a state inmate, alleges

that Kathryne T. Quattlebaum, a probation and parole officer for the Alabama Board of

Pardons and Paroles, and Paul Whaley, former director of classification for the Alabama

Department of Corrections, violated his constitutional rights to due process and equal

protection.  As support for his complaint, Parris alleges that defendant Quattlebaum placed

false and unreliable information in the Pre-Sentence Report of Investigation ["PSI Report"]

regarding a 2000 conviction for attempted murder imposed by the Circuit Court of Etowah

County, Alabama.[1]  Specifically, Parris asserts that Quattlebaum "placed false information

concerning the details of the offense[,]" in the PSI Report – that is, that the victim was

mentally incompetent and the plaintiff shot the victim while the victim lay face down on

---

[1]In 2000, a jury sitting before the Circuit Court of Etowah County, Alabama convicted Parris of attempted murder.  The trial court sentenced Perkins to thirty-five years' imprisonment for this conviction.  During his incarceration on this offense, correctional officials used the facts underlying this 2000 conviction to classify Parris as a heinous offender and thereafter as a restricted offender.

the ground. *Plaintiff's Complaint - Court Doc. No. 1* at 4. He also complains that Quattlebaum included "unauthorized and unreliable prior arrest information in" the report, *Id.* at 18, and asserts that Quattlebaum failed to correct the report upon being provided evidence that it contained information not supported by trial testimony. *Plaintiff's September 28, 2006 Response - Court Doc. No. 24* at 2. Finally, Parris takes issue with the "prior adult" notation regarding his arrest record contained in the June 6, 2006 Revised Investigation Report. *Plaintiff's July 19, 2006 Response - Court Doc. No. 16* at 4-5. With respect to defendant Whaley, Parris maintains that this defendant relied on false information contained in the initial PSI Report to classify him as a heinous offender and thereafter as a restricted offender. *Plaintiff's Complaint - Court Doc. No. 1* at 4.[2] Parris seeks monetary damages and removal of the challenged information from the reports prepared by defendant Quattlebaum.[3]

The defendants filed special reports and supplemental special reports supported by relevant evidentiary materials addressing Parris' claims for relief. Pursuant to the orders entered in this case, the court deems it appropriate to treat these reports as motions for

---

[2]The Alabama Department of Corrections previously used the term "heinous" to describe offenders whose crimes are considered to have involved certain aggravated circumstances. However, the department modified that terminology and such offenders are now classified as "restricted" offenders. "Inmates with offenses wherein the details are considered significant or aggravated are restricted from consideration from work release or any custody or assignment that might afford that offender unsupervised contact with the public." *Defendant Whaley's Exhibit A (May 8, 2006 Affidavit of Paul Whaley) - Court Doc. No. 9-2* at 2.

[3]It is undisputed that on June 6, 2006 defendant Quattlebaum prepared a revised Report of Investigation in which she omits the reference to the mental incompetence of the victim and likewise excludes the statement that the victim was shot while on the ground face down. *Defendant Whaley's Exhibit D - Court Doc. No. 9-5* at 2.

2

summary judgment.  *Order of October 3, 2006 - Court Doc. No. 26*.  Thus, this case is now pending on the defendants' motions for summary judgment.  Upon consideration of such motions, the evidentiary materials filed in support thereof, and Parris' responses in opposition to the motions, the court concludes that the defendants' motions for summary judgment are due to be granted.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[4]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of

---

[4]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

   The defendants have met their evidentiary burden and demonstrated the absence of any genuine issue of material fact.  Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial.").  A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

   In civil actions filed by inmates, federal courts

   must distinguish between evidence of disputed facts and disputed matters of
   professional judgment.  In respect to the latter, our inferences must accord
   deference to the views of prison authorities.  Unless a prisoner can point to
   sufficient evidence regarding such issues of judgment to allow him to prevail
   on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted).  Consequently, to survive the defendants' properly supported motions for

summary judgment, Parris is required to produce "sufficient evidence" which would be admissible at trial supporting his claim of a constitutional violation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e)(1), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson*, 477 U.S. at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).  Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...").  Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an

element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving parties. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*

6

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact.  *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11ᵗʰ Cir. 1990).  Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  In this case, Parris fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment.  *Matsushita*, *supra*.

## II.  DISCUSSION

### A.  The Due Process Claims - False Information

1.  <u>Claims for Damages Against Kathryn Quattlebaum and Injunctive Relief</u>

Regarding Correction of Details of Offense.  Defendant Quattlebaum is entitled to absolute immunity from damages for the claims lodged against her in this case. *Hughes v. Chesser*, 731 F.2d 1489, 1490 (11th Cir. 1984) (The absolute immunity from a civil suit for damages extended in *Spaulding v. Nielsen*, 599 F.2d 728, 729 (5th Cir. 1979) "to a federal probation officer [for the preparation of and submission of a presentence report in a criminal case is] equally applicable to a state probation officer.").  Moreover, defendant Quattlebaum prepared a Revised Investigation Report on June 6, 2006 in which she removed those details of the offense challenged by Parris. *Defendant Whaley's Exhibit D - Court Doc. No. 9-5* at 1-2.  Thus, any claim for injunctive relief regarding these details is now moot.

2.   Remaining Claims Against Defendants Quattlebaum and Whaley.  Parris challenges the reliability of the Revised Investigation Report with respect to previous arrests as "prior adult" offenses.  He also complains that defendant Whaley relied on the false information in the initial report to classify him as a heinous/restricted offender. Defendant Quattlebaum denies that she at any time used "'known false' information in any presentence report or report of investigation."  *Defendant Quattlebaum's Exhibit A-1 (September 8, 2006 Affidavit of Kathryn Quattlebaum) - Court Doc. No. 21-2* at 1. Defendant Whaley likewise alleges that he did not knowingly rely on false information during the classification process. *Defendant Whaley's Exhibit E (July 10, 2006 Affidavit of Paul Whaley) - Court Doc. No. 15-2* at 1.  Whaley further argues that neither the position of the victim when she was shot in the back nor the victim's state of mental competency

8

affected Parris' classification status as "the victim was shot in the back and was ...

paralyzed....  Either element of that act ... would be sufficient to restrict Parris."  *Id.*  The

defendants therefore deny they at any time knowingly used false information against the

plaintiff.

In *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), the Court held that reliance

on ***admittedly false information*** to deny a prisoner consideration for parole was arbitrary

and capricious treatment violated the Constitution. The appellate court carefully

distinguished its holding from its prior decision in *Slocum v. Georgia State Bd. of Pardons*

*and Paroles*, 678 F.2d 940 (11th Cir.), *cert. denied*, 459 U.S. 1043 (1982).

> Our holding today does not conflict with our earlier holding in
> *Slocum*, *supra*. In *Slocum*, the plaintiff, who had been denied
> parole, made the conclusory allegation that the Board must
> have relied upon erroneous information because otherwise the
> Board would surely have granted him parole.  *Slocum*, 678
> F.2d at 941. The plaintiff then sought to assert a due process
> right to examine his prison file for the alleged errors.  Unlike
> the instant case, in *Slocum* the state did not admit that it had
> relied upon false information in denying parole nor did the
> plaintiff present any evidence that his prison file even
> contained any false information. We held in *Slocum* that
> prisoners do not state a due process claim by merely asserting
> that erroneous information may have been used during their
> parole consideration.  *Id.* at 942. We also determined that
> prisoners do not have a due process right to examine their
> prison files as part of a general fishing expedition in search of
> false information that could possibly exist in their files.  *Id.* In
> the case at bar, we are confronted with prison authorities who
> admit that information contained in Monroe's files is false and
> that they relied upon such information, at least in part, to deny
> Monroe parole and to classify him as a sex offender. As we
> stated, the parole statute does not authorize state officials to

9

> rely on knowingly false information in their determinations.
> *Thomas [v. Sellers]*, 691 F.2d [487] at 489 [(11th Cir. 1982)].

*Monroe*, 932 F.3d at 1442.

*Slocum* controls the disposition of the instant case. Defendant Quattlebaum maintains that the information she relied on at the time she prepared the revised report was correct and, to her knowledge, the information contained in this report is accurate. Defendant Whaley likewise denies reliance on known false information during any stage of the classification process. Additionally, defendant Whaley asserts that the details of the offense challenged by Parris in no way affected the classification decision.

The record in this case establishes that neither defendant relied on ***admittedly*** false information. Consequently, the plaintiff is entitled to no relief as a matter of law. Summary judgment is therefore due to be granted in favor of defendant Quattlebaum on Parris' false information claim seeking injunctive relief regarding the revised report. Additionally, defendant Whaley is entitled to summary judgment on Parris' challenge to his custody classification status.

### B. Custody Classification

To the extent Parris maintains he is entitled to placement in a more favorable custody classification, he is entitled to no relief as an inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of

prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Francis v. Fox*, 838 F.2d 1147 (11th Cir. 1988); *Jones v. Diamond,* 594 F.2d 997 (5th Cir. 1979).

### C.  Equal Protection Claim

Parris alleges the defendants violated his right to equal protection.  In order to establish a claim cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race.  *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam)." *Jones v. Ray*, 279 F.3d 944, 946-947 (11th Cir. 2001).  Moreover, to succeed on an equal protection challenge, the plaintiff must also demonstrate the existence of discriminatory intent; arbitrary application of rules, regulations, policies or statutes without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause.  *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact....  Proof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.  Discriminatory purpose ... implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991).  In a case

11

such as this one, where the plaintiff challenges actions of parole officials, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Evidence which merely indicates disparity of treatment is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279 (1987).

Since this case is before the court on a properly supported motion for summary judgment from the parole defendants, Parris bears the burden of producing some evidence to show that the actions of these defendants resulted from intentional discrimination. *Celotex*, 477 U.S. at 322-324; *Waddell*, 276 F.3d at 1279. Parris fails to meet this burden as he has offered no evidence identifying any other similarly situated inmate who received more favorable treatment from the defendants, *Brunskill v. Boyd*, 141 Fed.Appx. 771, 776 (11th Cir. 2005), or demonstrating that the defendants subjected him to adverse treatment based on some constitutionally impermissible reason. In short, Parris sets forth no facts in support of his allegation of an equal protection violation. Even a liberal interpretation of Parris' *pro se* complaint does not reveal any factual basis for an equal protection claim. In light of the foregoing, summary judgment is due to be granted in favor of the parole defendants on Parris' claim of unconstitutional discrimination.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motions for summary judgment be GRANTED.

12

2.  Judgment be GRANTED in favor of the defendants.

3.  This case be dismissed with prejudice.

4.  Each party shall bear responsibility for their respective costs.

It is further

ORDERED that on or before March 3, 2009 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 20th day of February, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

13